UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION



In re:  ) Case No. 12-13410
 )
PAMELA J. GREEN, ) Chapter 13
 )
 ) Chief Judge Pat E. Morgenstern-Clarren
Debtor. )
 ) **MEMORANDUM OF OPINION AND**
 ) **ORDER FINDING OCWEN LOAN**
 ) **SERVICING, LLC IN CONTEMPT**

On March 4, 2014, this court entered an order requiring Ocwen Loan Servicing, LLC (Ocwen) to appear on March 18, 2014 and show cause why it should not be found to be in contempt of the order confirming the debtor's plan. For the reasons stated below, Ocwen is found to be in civil contempt of the March 4 order because it failed to appear on March 18.

### JURISDICTION

The court has jurisdiction under 28 U.S.C. § 1334 and General Order No. 2012-7 entered by the United States District Court for the Northern District of Ohio on April 4, 2012. This is a core proceeding under 28 U.S.C. § 157(b)(2), and it is within the court's constitutional authority as analyzed by the United States Supreme Court in *Stern v. Marshall*, 131 S.Ct. 2594 (2011).

### FACTS AND DISCUSSION

On March 4, 2014, the court heard the debtor's motion for an order on Ocwen to appear and show cause regarding its alleged violation of the debtor's confirmed plan. Debtor's counsel appeared, but no one appeared on behalf of Ocwen. The court granted the debtor's motion and entered an order requiring Ocwen to appear on March 18, 2014 through an officer to explain why it should not be held in contempt for violating the debtor's confirmed plan (the Order).

(Docket 54). Ocwen failed to appear on March 18, 2014. The court must, therefore, consider whether Ocwen is in contempt of this court's Order to appear.

The court's contempt powers derive from "Bankruptcy Code § 105(a) and the inherent power of a court to enforce compliance with its lawful orders." *In re Walker*, 257 B.R. 493, 496 (Bankr. N.D. Ohio 2001) (citations omitted). Contempt must be shown by clear and convincing evidence that the alleged contemnor violated a definite and specific court order which required the performance or the nonperformance of an act with knowledge of that court order. *Id.* at 497. "Willfulness is not an element of civil contempt and intent to disobey the order is irrelevant." *Id.* The alleged contemnor may defend by showing an inability to comply with the order. *Id.*

The facts establish that Ocwen is in contempt of this court's Order. The clerk's office served the Order on Ocwen through its registered agent, as well as at its Florida office. Neither mailing came back to the court, so Ocwen received and had knowledge of the Order. The Order specifically directed Ocwen to appear through an officer to explain why, when it was maintaining an insurance escrow for the debtor under the confirmed plan, it also placed forced place insurance on the same property. Ocwen failed to appear on March 18, 2014 as required by the Order.

These facts clearly and convincingly establish that Ocwen, with adequate notice and an opportunity to be heard on the contempt issue specifically described in the Order, failed to appear. The court finds, therefore, that Ocwen is in contempt of court.

## CONCLUSION

For the reasons stated, Ocwen is found to be in civil contempt based on its failure to comply with the Order to appear. There are two remaining issues at this point. One, what sanctions, including monetary sanctions, should be imposed to encourage Ocwen to comply with the court's orders. Two, whether Ocwen should be found to be in contempt of the debtor's confirmed plan and sanctioned. An evidentiary hearing to address those issues will be held on **April 22, 2014** at 8:30 a.m. in Courtroom #2A, U.S. Bankruptcy Court, Howard M. Metzenbaum U.S. Courthouse, 201 Superior Avenue, Cleveland, Ohio.

IT IS SO ORDERED.

_____
Pat E. Morgenstern-Clarren
Chief Bankruptcy Judge

To be served by the clerk's office by regular U.S. mail on:
    Ocwen Loan Servicing, LLC, 1661 Worthington Road, Suite 100,
        West Palm Beach, Florida 33409
    Corporation Service Company, Registered Agent for Ocwen Loan Servicing, LLC,
        1201 Hays Street, Tallahassee, Florida 32301-2525